IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REX LEE RITCHIE                                                                         PLAINTIFF

              v.                       Civil No. 08-2064

LT. CUPP, Crawford County
Detention Center                                                                        DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 16, 2008, Rex Lee Ritchie filed this pro se civil rights action under 42 U.S.C. § 1983 in the Eastern District of Arkansas. The case was ordered transferred to this court as it involved actions that occurred at the Crawford County Detention Center and was against Lt. Cupp, of the Crawford County Detention Center.

With his complaint, Ritchie submitted an *in forma pauperis* (IFP) application. However, he failed to have the certification regarding inmate funds held in his name completed. For this reason, on July 21st an order was entered (Doc. 7) giving Ritchie until August 13, 2008, to complete the IFP application, including having the certificate portion of the IFP application completed by the appropriate detention center official, and return the application to this court for review and filing or pay the $350 filing fee. Ritchie was advised that failure to return the completed IFP application or pay the $350 filing fee by August 13, 2008, would result in the complaint becoming subject to summary dismissal for failure to obey an order of the court.

On August 12th, the court's order (Doc. 7) was returned as undeliverable. To date, Ritchie has not advised the court of any change in his address. He has not communicated with the court in anyway.

-1-

I therefore recommend that this case be dismissed based on Ritchie's failure to prosecute this action and his failure to keep the court informed of his current address.

**Ritchie has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Ritchie is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of August 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)